David A. Grace, Esq. Hardin Grace 500 Main Street, Suite A North Little Rock, AR 72114-5330
Dear Mr. Grace:
I am writing in response to your request for my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), regarding the possible release of certain records under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§25-19-101 through -109 (Repl. 1994 Supp. 2003 Acts 2005, No. 295). You report that you are the legal counsel for Pulaski County Charter Schools, Inc. d/b/a Academics Plus Charter School, which has received an FOIA request from a newspaper to produce what the newspaper characterizes as "a final draft letter" from the chairman of the school's board of directors to a school employee informing the employee of what the newspaper represents are the "reasons for holding a termination hearing for her." It is my understanding that the termination hearing is currently scheduled to occur on June 13, 2005. In correspondence to you objecting to the requested disclosure, the employee's counsel characterizes the letter as reciting "a list of ways in which the Board members who voted to send the letter allege that [the employee] has failed to perform her job responsibilities." You report having provisionally determined that the requested letter is not subject to disclosure under the FOIA. My statutory duty is to issue an opinion as to whether this decision is consistent with the FOIA.
In my opinion, your provisional decision regarding disclosure accords with the FOIA. Although I have not reviewed the actual record at issue, it appears from its description to be an "employee evaluation or job performance record" under the FOIA. A.C.A. § 25-19-105(c)(1). The FOIA does not define the phrase "employee evaluation or job performance record," nor have the courts found occasion to do so. The Attorney General has consistently taken the general position that documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, and letters related to promotions and demotions are "employee evaluations or job performance records." See, e.g., Ops. Att'y Gen. Nos. 2005-094; 2001-203; 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303. This office has also taken the position that records that were generated as part of an investigation of allegations of the misconduct of an employee and that detail incidents that gave rise to an allegation of misconduct should be deemed the "employee evaluation/job performance records" of that employee. See Ops. Att'y Gen. Nos. 2001-063; 2000-231; 2000-203; 2000-130; 1999-361; and 1999-359.
The FOIA dictates that employee evaluations be released only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).[1]
Based solely upon the materials you have provided me, it would appear that at least the first of these conditions has not been met in this case. If the proposed hearing is, in fact, to consider the employee's "termination" — i.e., her firing — then no "final administrative resolution" will have occurred until the firing takes place and the employee has exhausted all administrative appeals.[2] Accordingly, if the only job action at issue were the possible termination, I believe you would clearly be correct in your decision not to release the letter to the newspaper at this time.
However, there is some indication that the employee was suspended from her position last month — information that was not reported in the materials you have provided me.[3] Assuming this report is correct, the different initial question arises whether there has been a final administrative resolution of the suspension proceeding, as opposed to the termination proceeding. I am unable to answer this question based upon the limited information I have.
Regardless of the status of the suspension proceeding, I can and will opine that even if the employee has exhausted all available appeals of the suspension, I do not believe that fact would support your releasing a notice-of-termination-hearing letter of the sort described in your request. According to what appears to be the consensus of those involved, the letter recites the reasons that prompted the board to schedule a termination hearing. The letter was reportedly written in May 2005, whereas the suspension reportedly occurred in April 2005. It follows that the letter could not possibly have "formed a basis" for the suspension, as would be required under the second prong of the test set forth above in order to support the letter's disclosure.
In offering this opinion, I am not ignoring the fact that the recited circumstances that formed a basis for scheduling a termination hearing may well be the same circumstances that prompted the suspension.[4] I recognize that there might appear to be something sophistic in the suggestion that a document reciting those reasons should be disclosed if it was produced before the suspension but not disclosed if produced after the suspension. Nevertheless, I am compelled to reach this conclusion by the FOIA's straightforward requirement that records be disclosed only if they "form a basis" for the suspension. A.C.A. § 25-19-105(c)(1); see Ark. Ops. Att'y Gen. Nos. 2005-030 and 2003-381. As I explained in Opinion No. 2005-030, which likewise involved a record produced after a suspension had issued:
 I am constrained to conclude that your decision [to withhold the document] is consistent with the FOIA because the document in question did not "form a basis" for a decision to suspend or terminate the employee. Although this result may seem overly technical, I am not at liberty to disregard the express language of the statute requiring job performance records to "form a basis" for a suspension or termination prior to being released. The applicable language does not authorize release of records "relating to," or in some other way "connected to" a suspension or termination. The records must "form a basis" for the decision to suspend or terminate.
Applying this principle, I believe your decision to withhold the letter at this time is consistent with the FOIA.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] This standard differs considerably from the standard applicable to "personnel records," which are exempt from disclosure under the FOIA if their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A § 25-19-105(b)(12).
[2] Alternatively, if, as the newspaper suggests in an e-mail communication directed to you, the hearing is to consider whether to renew the employee's contract, then there may be no "termination proceeding" that might warrant disclosure of the letter. See Ark. Op. Att'y Gen. No. 2001-125 (opining that if an employee's contract is simply not renewed, the employee's job performance records are not subject to disclosure under the FOIA). I lack sufficient information to determine the exact nature of the contemplated job action in this case.
[3] See the complaint in an action styled Caroline Proctor, Ph.D. v.Pulaski Charter School, Inc., Pulaski Country Case No. CV2005-7413 (referring to the suspension); Cynthia Howell, "Ex-charter school chief files suit," Arkansas Democrat-Gazette, Page 7B, May 21, 2005 (same).
[4] In this regard, I will note that the employee, in her pending lawsuit, has challenged the board's conduct both with respect to the suspension and to the proposed termination. In her complaint, the plaintiff characterizes the letter at issue as "a private personnel matter" which she describes but has not attached as an exhibit. The disclosability of the letter under the FOIA does not appear to be at issue in the pending litigation. However, should the issue be joined in the pending action, the court's determination will clearly be dispositive irrespective of what I have opined here.